IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **LARON MCBEE** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**VARSITY BRANDS, INC.** *a Delaware* )<br>*Corporation.* )<br>)<br>**Defendant.** ) | **Civil Action, Case No.:** _____<br><br>**JURY DEMANDED** |

## VERIFIED COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, LaRon McBee (hereinafter referred to as "Mr. McBee") and would state unto the Court his Complaint for retaliation, age discrimination, and race discrimination as follows:

## NATURE OF THE COMPLAINT

1. This lawsuit is instituted pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, and to the Age Discrimination in Employment Act (hereinafter referred to as "ADEA"). This Court's jurisdiction lies pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 28 U.S.C. § 1331.

2. Mr. McBee brings this action against Defendant Varsity Brands, Inc., a Delaware Corporation.

1

## PARTIES

3. Plaintiff, LaRon McBee is a resident of Memphis, Shelby County, Tennessee. Mr. McBee is an African-American male.

4. Defendant employed Mr. McBee from February of 1996 until his termination on or about May 21, 2010.

5. Defendant Varsity Brands, Inc. (hereinafter "Varsity" or "Defendant"), is a corporation organized under the laws of the State of Delaware with its primary place of business in Memphis, Tennessee and may be served through its registered agent C.T. Corporation System, 800 S. Gay Street, Ste, 2021, Knoxville, TN 37929.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction pursuant to Title VII and ADEA.

7. The Western District of Tennessee, Western Division, has personal jurisdiction over Defendant because it is doing business in Tennessee and in this judicial District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

9. Mr. McBee began his career with Varsity Brands, Inc. in 1996.

10. Mr. McBee's job title at the time of his termination was Manager of Resort Camp Manager.

11. Mr. McBee was a valued and dedicated employee of Defendant.

12. Throughout the course of his employment with Defendant, Mr. McBee consistently met his employer's legitimate expectations for his work.

13. Mr. McBee received satisfactory or better performance reviews and increased responsibilities while employed with Defendant.

14. On or about September 24, 2009, Mr. McBee was informed that is position of Regional Specialty Camp Manager was being eliminated and he was moving to position of Manager of Resort Camp Registration.

15. In January 2010, the position was filled by Nicole Franklin, a younger White female who had less seniority, training and experience than Mr. McBee.

16. On or about May 21, 2010, Mr. McBee was informed that his position of Manager of Resort Camp Registration was being eliminated.

17. Defendant hired several much younger females who had much less experience and less seniority than Mr. McBee to fill this position.

## COUNT I

## (AGE DISCRIMINATION CLAIM)

18. Mr. McBee re-alleges and incorporates the allegations contained in Paragraphs 1 - 17 are incorporated herein by reference as if they were fully set forth herein.

19. Defendant has violated, and continues to violate the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 2000e-5(f)(3).

20. Mr. McBee is over the age of 40 years old.

21. Mr. McBee is a member of a protected class under the ADEA.

22. Mr. McBee was terminated due to his age.

23. At the time of Mr. McBee's termination, and throughout his employment with Defendant, he was meeting and exceeding his employer's legitimate expectations for the performance of his job duties.

24. Mr. McBee was replaced by a significantly younger employee.

25. Mr. McBee replacement was not over the age of forty (40).

26. Mr. McBee was more qualified for this position than his replacement.

27. Younger employees were given preferential consideration by Defendant in determining who would be spared termination due to lack of work.

28. Mr. McBee was terminated because of his age in violation of the ADEA.

29. As a result of Defendant's unlawful acts, Mr. McBee has suffered and will continue to suffer loss of earnings (back and front pay) and fringe benefits and compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

## COUNT II

### (TITLE VII RACE DISCRIMINATION)

30. Mr. McBee hereby restates and incorporates by reference the allegations contained in paragraphs 1–29 above as if set forth in full herein.

31. Mr. McBee is an African-American male.

32. After Defendant terminated Mr. McBee, it hired a young white female to replace him and for other positions.

33. Mr. McBee satisfactorily performed his job while employed at Varsity Brands, Inc.

34.     Mr. McBee was terminated due to his race.

35.     Mr. McBee suffered money damages as a direct and proximate result of Defendants' race discrimination.

## COUNT III

## (SEX DISCRMINATION)

36.     Mr. McBee realleges and incorporates the allegations of Paragraphs 1-35 above as if set forth fully herein.

37.     Defendant discriminated against Mr. McBee on the basis of his sex (male) in the terms and conditions of his employment, and in wrongfully discharging him.

38.     Specifically, Defendant discriminated against Mr. McBee by terminating him because he is male.

39.     As a direct and proximate result of Defendant's discriminatory actions, Mr. McBee was injured and suffered damages.

40.     Mr. McBee suffered a loss of back pay, benefits, incidental expenses, and front pay.

41.     DEFENDANT'S conduct was intentional and caused Mr. McBee to suffer humiliation, embarrassment, degradation, emotional distress, and mental anguish.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. McBee prays for relief as follows:

1.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2.     Pre-Judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages and penalties in an exact amount to be determined at trial;

4. An award of damages for Defendant's wrongful termination of Mr. McBee based on his age, sex and race including, back pay and compensatory damages in an amount to be proven at trial, not less than $300,000.00 (Three Hundred Thousand Dollars).

5. That the Court order Defendant to award his front pay.

6. Award his court costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Mr. McBee hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: August 16, 2013

Respectfully submitted,

/s/ Alan G. Crone
Alan G. Crone, TN Bar No. 014285
CRONE & McEVOY, PLC
5583 Murray Road, Suite 120
Memphis, TN 38119
800.403.7868 (voice)
901.737.7740 (voice)
901.737.7558 (fax)
acrone@thecmfirm.com
*Attorney for Plaintiff*

## DECLARATION AND VERIFICATION

I, LaRon McBee, verify and declare that the facts stated in the foregoing Verified Complaint for Damages and for wrongful termination to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
LaRon McBee
Date: 8/14/2013